**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 98-4639

DARTY JAMES REED,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CR-97-448)

Submitted: May 11, 1999

Decided: May 28, 1999

Before WIDENER and WILLIAMS, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert C. Bonsib, MARCUS & BONSIB, Greenbelt, Maryland, for
Appellant. Lynne A. Battaglia, United States Attorney, Steven M.
Dettelbach, Assistant United States Attorney, Greenbelt, Maryland,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Darty James Reed appeals from his conviction and sentence for conspiracy to possess with intent to distribute and to distribute cocaine base, in violation of 21 U.S.C. § 846 (1994), and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (1994). We affirm.

Sufficient probable cause existed to support Reed's arrest, and the district court did not err in denying Reed's motion to suppress. See United States v. Han, 74 F.3d 537, 540-41 (4th Cir. 1996). Reed failed to show that disclosure of the confidential informant's identity would significantly aid his defense, and the district court did not abuse its discretion in declining to order disclosure. See Roviaro v. United States, 353 U.S. 53, 60-61 (1957); United States v. D'Anjou, 16 F.3d 604, 609 (4th Cir. 1994). The district court similarly did not abuse its discretion in admitting expert testimony on the narcotics trade, see United States v. Brewer, 1 F.3d 1430, 1435 (4th Cir. 1993), or in declining to give a reasonable doubt jury instruction. See United States v. Williams, 152 F.3d 294, 298 (4th Cir. 1998).

The court's decision not do depart downward from the sentencing range is not reviewable. See United States v. Bayerle, 898 F.3d 28, 30-31 (4th Cir. 1990). Finally, the prosecutor's remarks during closing argument did not so prejudicially affect Reed's substantial rights as to deprive him of a fair trial, and we find no reason to disturb the court's refusal to order a mistrial. See United States v. Wilson, 135 F.3d 291, 297-302 (4th Cir.), cert. denied, 118 S. Ct. 1852 (1998).

We affirm Reed's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2